UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STAR JOSEPH

      Plaintiff,

v.                                                   Civ. No. 21-903 MV/GJF

PUBLIC DEFENDERS OFFICE,
et al.,

      Defendants.

**ORDER GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915(b),
TO MAKE PAYMENTS OR SHOW CAUSE, AND DENYING MOTION TO
DISCHARGE FEES AND COSTS**

This matter is before the Court on the Application to Proceed in District Court Without Prepayment of Fees and Costs filed by Plaintiff Star Joseph. (Doc.4). Based on analysis of the Application (Doc. 4) and the inmate account statement (Doc. 4 at 6-7), the Court grants Plaintiff leave to proceed under 28 U.S.C. § 1915(a) and (b). Because the Court grants the Application, the filing fee for this civil rights complaint is $350.00. Pursuant to § 1915(b)(1), Plaintiff is required to make installment payments until the full amount of the filing fee is paid.

Plaintiff's inmate account statement shows total deposits over the two-month period preceding filing in the amount of $145.00 for an average monthly deposit of $72.50 (Doc.4 at 6-7). Analyzing Plaintiff's inmate account statement (Doc.4 at 6-7) under § 1915(b)(1), the Court finds that Plaintiff owes an initial partial payment of $14.50 (20% of $72.50). If Plaintiff fails to make a payment by the designated deadline or show cause why such payment should be excused, the civil rights complaint may be dismissed without further notice.

Also pending before the Court is the Plaintiff's Motion to Discharge Fees and Costs filed September 27, 2021. (Doc. 7). In his Motion, Plaintiff asks to be relieved of his obligation to pay

1

the fees and costs for this proceeding based on a 1933 law rendering gold clauses in contracts unenforceable and authorizing payment of debts in any form of legal United States tender. *See Adams v. Burlington Northern Railroad*, 80 F.3d 1377 (9th Cir. 1996). Plaintiff's obligation to pay the fees and costs in this proceeding is imposed by statute, not by contract. 28 U.S.C. §§ 1914, 1915. Nor does the statute contain any gold clause. The 1933 law does not authorize discharge of the statutory requirement to pay the fees and costs, nor does it, in any way, relieve Plaintiff of his obligation to pay the entire $350.00 filing fee for every civil action he files in this Court.[1] The Court denies his Motion to Discharge Fees and Costs (Doc. 7).

IT IS THEREFORE ORDERED that the Application to Proceed in District Court Without Prepayment of Fees and Costs filed by Plaintiff Star Joseph (Doc.4) is GRANTED;

IT IS FURTHER ORDERED that, within thirty (30) days of entry of this Order, Plaintiff send to the Clerk an initial partial payment of $14.50 or show cause why payment should be excused;

IT IS FURTHER ORDERED that the Clerk is directed to provide Plaintiff with two copies of this Order, and that Plaintiff make the necessary arrangements to attach one copy of this Order to the check in the $14.50 amount of the initial partial payment;

IT IS FURTHER ORDERED that, after payment of the $14.50 initial partial fee, Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to the account until the $350 fee is paid in full or show cause why the designated payments should be excused;

---

[1] Plaintiff has filed multiple civil cases in this Court. Regardless of whether the cases are characterized as RICO cases or civil rights proceedings, they are civil cases and Plaintiff is required to pay the filing fees and costs for any civil case he commences. 28 U.S.C. §§ 1914, 1915.

IT IS FINALLY ORDERED that Plaintiff Star Joseph's Motion to Discharge Fees and Costs (Doc. 7) is DENIED.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE