## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STAR JOSEPH,

      Plaintiff,

vs.                            No. CV 21-00903 MV/GJF

U.S. PUBLIC DEFENDERS OFFICE,
AMANDA SKINNER, personally,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. §§1915A and 1915(e)(2)(B) and Rule 12(b)(6) of the Federal Rules of Civil Procedure on the Civil Complaint filed by Plaintiff Star Joseph.  (Doc. 1).  The Court will dismiss the Civil Complaint for failure to state a claim, for lack of standing, and as frivolous, and will enter final judgment.

### BACKGROUND

At the time that he filed his Civil Complaint, Plaintiff was a federal detainee at the Cibola County Correctional Center awaiting final hearing on revocation of supervised release.  Doc. 1 at 4; No. CR 17-02483 KG.  This is one of a number of civil cases filed by Plaintiff.  *See, e.g., Joseph v. U.S. Attorney's Office,* CV 21-00836 WJ/KRS; *Joseph v. Albuquerque Police Department,* CV 21-00838 KWR/GJF; *Joseph v. Johnson,* CV 21-00895 RB/KK; *Joseph v. U.S. Public Defenders Office*, No. CV 21-00903 MV/GJF; and *Joseph v. United States Attorneys Office*, CV 21-00904 JCH/KBM.    Plaintiff filed his Civil Complaint on September 10, 2021.  Doc. 1. In the Civil Complaint, Plaintiff purports to sue the Federal Public Defender and his court-appointed FPD counsel for his criminal case, No. CR 17-02483 KG.  *Id.* at 1-3).  Plaintiff did not sign the original Civil Complaint, in violation of Rule 11 of the Federal Rules of Civil Procedure, and the Court

1

notified him of the omission of his signature.  Doc. 2.  Plaintiff responded on September 27, 2021, by filing a Motion to Amend Civil Complaint and Correct Deficiencies of Original Complaint and submitted his Civil Complaint with the required signature.  Doc. 3.

Also on September 27, 2021, Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs.  Doc. 4.  The Court granted him leave to proceed under 28 U.S.C. § 1915 and, based on his inmate account statement, ordered him to make an initial partial payment of $14.50 and installment payments of the remainder of the filing fee or show cause why payment should be excused.  Doc. 9.  The Court also denied Plaintiff's Motion seeking to discharge his debt for the statutory filing fee in this case.  *Id.* at 1-2.  Plaintiff then filed his Motion to Show Cause and Objection to Denial of Motion to Discharge Fees and Costs.  Doc. 13.

Paradoxically, Plaintiff filed a Motion to Appoint Counsel, asking the Court to provide him a court-appointed attorney at the Court's expense, even though the essence of his claim is that his court-appointed counsel cannot fairly represent him because payment of counsel by the Court constitutes a conflict of interest.  Doc. 5.  Apparently recognizing this inconsistency in his position, Plaintiff then filed a Motion to Proceed Pro Se and to withdraw his request for counsel.  Doc. 10.  Plaintiff also filed a Motion to Serve Subpoenas and Complaints in this and 11 other cases, seeking to have the Court issue and serve process on the Defendants.  Doc. 11.

Plaintiff's Civil Complaint makes the following allegations:

Defendant does not adequately represent Plaintiff, thereby, denying Plaintiff the right to a fair trial and a right to due process.

Defendant has a contract with the United States, the Plaintiff, in the criminal case against the Plaintiff listed above.  The Defendant is loyal to the entity that pays it because the entity, the United States, is responsible for the livelihood of the Defendant.

Plaintiff does not have a contract with the Defendant, therefore, the Defendant is not loyal to the Plaintiff.  Also, the Defendant cannot serve two

masters.  This creates an extreme conflict of interest and indicates the U.S. Public
Defender's Office is part of a Racketeering Influenced Corrupt Organization in
violation of the RICO Act, 18 USC 1962, and the Defendant is committing Major
Fraud Against the people of the United States, 18 USC 1031.  The Defendant has
been given evidence of the surety bond fraud scheme documenting that there are no
surety bonds for elected officials at the N.M. Secretary of State's Office as required
by law, NMSA 10-2-7; and Defendant has not reported the crime to a judge or law
enforcement.  This is a crime, Misprision of Treason, 18 USC 2382.  This is
punishable by 7 years in prison.  This is also considered advocating for the
overthrow of the government, 18 USC 2385, which carries the maximum sentence
of 20 years in prison.  In addition, the Defendant has derilicted its duty of public
office, another crime.

RICOs are enemies of the people of the United States.  Defendant is
adhering to, giving aid and comfort to the enemy RICO.  This is a textbook
example of treason, 18 USC 2381, with a maximum penalty to suffer death.

Plaintiff understands the Defendant, the United States, is using Null and
Void laws to get guilty pleas from poor people by violation of the Dick Act of
1902, 2nd Amendment of the U.S. Constitution, and Marbury v. Madison, and the
Supremacy Clause of the U.S. Constitution.

Plaintiff seeks the seizing of the assets of the Defendant's employees for
their involvement in a RICO and allowed by the RICO Act, and President Trump's
Executive Order dated 12-21-2017, seizing the assets of those involved in corruption.

Plaintiff seeks the revocation of the Defendant's employees law licenses
based on the seriousness of the crimes Defendant has committed.

Plaintiff seeks $5 Million in punitive damages for Major Fraud with a
RICO escalation of 3 times $5 Million for a total of $20 Million.

Doc. 1 at 1-3; Doc. 3 at 1-3.

## DISCUSSION

I.    Plaintiff's Pending Motions

Pending before the Court are Plaintiff's Motion to Amend Civil Complaint and Correct

deficiencies of original Complaint (Doc. 3), Motion to Appoint Counsel (Doc. 5), Motion to

Approve Writ of Mandamus (Doc. 6), Motion to Proceed Pro Se (Doc. 10), Motion to Serve

Subpoenas and Complaints (Doc. 11), and Motion to Show Cause and Objection to Denial of

Motion to Discharge Fees and Costs (Doc. 13).  The Court makes the following rulings on Plaintiff's pending motions:

      A.    <u>Motion to Amend Civil Complaint and Correct Deficiencies of Original Complaint</u>

Plaintiff's Motion to Amend Civil Complaint appears to have been filed in response to the Court's Notice of Rule 11 Omission.  As part of his Motion to Amend, Plaintiff includes the allegations of his Civil Complaint with an original signature.  Doc. 3 at 1-3.  The Court finds that Plaintiff's Motion to Amend complies with the requirements of the Notice of Rule 11 Omission and will grant his Motion to Amend.

      B.    <u>Motion to Appoint Counsel and Motion to Proceed Pro Se</u>

In his Motion to Appoint Counsel, Plaintiff asks the Court to appoint and pay a lawyer to represent him.  Doc. 5.  His Motion to Proceed Pro Se seeks to "retract" his motion for court paid counsel.  Doc. 10.  The Court construes his Motion to Proceed as a withdrawal of his Motion to Appoint Counsel and will grant the Motion to Proceed Pro Se.  The Motion to Appoint Counsel is found to be withdrawn, and Plaintiff is granted leave to continue to proceed pro se in this matter.

      C.    <u>Motion to Approve Writ of Mandamus</u>

In his Motion to Approve Writ of Mandamus, Plaintiff asks the Court to issue a writ of mandamus transferring this case (and all of Plaintiff's cases in this Court) to "the Judge Advocate General at the Pentagon through the Joint Chiefs of Staff."  Doc. 6 at 1.  The Court determines that Plaintiff is not entitled to mandamus relief.

Mandamus is an extraordinary remedy.  Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus will "issue only to compel the performance of a clear nondiscretionary duty." *Pittston*

*Coal Group v. Sebben,* 488 U.S. 105, 121 (1988) (quotation omitted). "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate [available] remedy." *Wilder v. Prokop,* 846 F.2d 613, 620 (10th Cir. 1988).  To be eligible for relief, the plaintiff thus must establish that the defendant's duty to perform the act in question is plainly defined and peremptory, that he or she has a clear right to relief, and that he or she has no other adequate remedy.  *Rios v. Ziglar,* 398 F.3d 1201, 1206 (10th Cir. 2005).

Plaintiff's request for a writ of mandamus fails for two reasons.  First, Plaintiff cites no authority that the Court has a "plainly defined and preemptory duty" to transfer any case to the Judge Advocate General or any other military tribunal.  Although the Court has the discretion to transfer a case to another district court, the Court is not aware of any statute or rule that even grants jurisdiction, much less requires, transfer of this case to the Judge Advocate General at the Pentagon or to the Joint Chiefs of Staff.  Second, Plaintiff does not demonstrate that he is clearly entitled to mandamus relief.  As the sole grounds for his mandamus request, Plaintiff claims that he "cannot get a fair trial in State or Federal court because both are operating as a Racketeer Influenced Corrupt Organization in violation of the RICO Act (See Star Joseph v. Chief Judge William P. Johnson, et al.)."  Doc. 6 at 1.  However, *Joseph v. Johnson, et al.,* No. CV 21-00878 KG/SCY, in which Plaintiff claims that the Judges of this Court are operating as part of a RICO, has been dismissed for failure to state a claim for relief and as frivolous.  No. CV 21-00878, Doc. 4.  For these reasons, Plaintiff demonstrates neither that the Court has a mandatory, non-discretionary duty to transfer this case nor that he has a clear entitlement to mandamus relief and accordingly, the Court will deny his Motion to Approve Writ of Mandamus.

D.      Motion to Serve Subpoenas and Complaints

Plaintiff's Motion to Serve Subpoenas and Complaints asks the Court Clerk to issue and serve "subpoenas" and the Civil Complaint on the Defendants.  As explained below, the Court determines that this case must be dismissed; accordingly, the Court will find as moot Plaintiff's Motion to Serve Subpoenas and Complaints.

E.      Motion to Show Cause & Objection to Denial of Motion to Discharge Fees & Costs

In his Motion to Show Cause, Plaintiff objects to being ordered to make an initial partial payment of the filing fee in the amount of $14.50.  The initial partial payment was calculated under 28 U.S.C. § 1915(b) based on the information contained in Plaintiff's inmate account statement. (Doc. 9).  Plaintiff claims that the money shown in his account statement was a one-time gift, which has already been spent, and that he does not have the funds to make the $14.50 payment. Doc. 13 at 1-2.  However, "when a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers,* 9 F. App'x 947, 949 (10th Cir. 2001).

Plaintiff also claims that he should not be required to pay the filing fee in this or any of his pending cases.  Instead, he claims to be entitled to discharge the fees.  Doc. 9 at 3.  Specifically, Plaintiff asks to be relieved of his obligation to pay the fees and costs for this proceeding based on a 1933 law rendering gold clauses in contracts unenforceable and authorizing payment of debts in any form of legal United States tender.  *Id.*; *see also Adams v. Burlington Northern Railroad*, 80 F.3d 1377 (9th Cir. 1996)). But Plaintiff's obligation to pay the fees and costs in this proceeding is imposed by statute, not by contract.  28 U.S.C. §§ 1914, 1915.  And the statute does not contain any gold clause.  Nothing in the 1933 law upon which Plaintiff relies authorizes the discharge of

6

the statutory requirement to pay the fees and costs or relieves Plaintiff of his obligation to pay the entire $350.00 filing fee for every civil action that he files in this Court.[1]

Last, Plaintiff claims that he does not owe the filing fee because the Judges of this Court and all lawyers are members of the "B.A.R." meaning "British Accreditation Registry," and, therefore, they are loyal to Britain, no longer citizens of the United States, should have their licenses revoked, and have no authority to enforce the statutory fee requirement.  Doc. 13 at 4. The article attached to Plaintiff's Motion[2] and his argument that the term "Bar" refers to British Accreditation Registry and that United States lawyers and judges are loyal to Britain are patently false.  By tradition in the United States legal system, the term "bar" means "a partition or railing running across a court room, intended to separate the general public form the space occupied by the judges, counsel, jury and others concerned in the trial of a cause. . .[t]he whole body of attorneys or members of the legal profession, collectively,  are figuratively called the 'bar' from the place which they usually occupy in Court."  *Black's Law Dictionary Online* (2nd ed).  "Bar Association," as the term is used in the United States, means a national, state, or local organization of attorneys.  *Id.*

The Court will deny Plaintiff's Motion to Show Cause, will overrule his objection to denial of his Motion to Discharge Fees and Costs, and will order Plaintiff to continue to comply with the Court's September 28, 2021 Order granting him leave to proceed *in forma pauperis* (Doc. 9). Plaintiff is reminded that he is obligated to make partial payments of the filing fee in the amount

---

[1]  Plaintiff has filed multiple civil cases in this Court.  Regardless of whether the cases are characterized as RICO cases or civil rights proceedings, they are civil cases and Plaintiff is required to pay the filing fees and costs for any civil case he commences.  28 U.S.C. §§ 1914, 1915.

[2]  The article purports to have been written by a "TLB Staff Writer, David-William, and the source cited for the content is "a great guy Rod Class."

of twenty per cent (20%) of the preceding month's income credited to the account only when the balance in the account exceeds $10.  28 U.S.C. § 1915(b)(2).

II.   Plaintiff's Claims Must Be Dismissed

Plaintiff is proceeding pro se and *in forma pauperis*.  Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints.  The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements."  *Id.*  Moreover, if a *pro se* inmate complaint fails to state a claim on initial screening, courts may grant leave to amend unless amendment would be futile.  *Id.*

Plaintiff insists that his claims are brought under the "RICO Act."  Doc. 1, 5.  However, he makes vague allegations of violations of federal constitutional rights in alleging that he is being

deprived of his rights to a fair trial and due process.  Doc. 1 at 1.  Regardless of whether Plaintiffs Complaint is characterized as a RICO complaint or a prisoner civil rights complaint, the Civil Complaint fails to state a claim for relief.  The Court also concludes that the Civil Complaint is frivolous.  For these reasons and as set forth herein, the Court will dismiss the Civil Complaint with prejudice.

      A.     <u>RICO Act Claims</u>

Plaintiff argues that his Civil Complaint is brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Doc. 1, 3.  Plaintiff makes vague allegations that Defendants are part of a RICO because "Defendant has been given evidence of the surety bond fraud scheme documenting that there are no surety bonds for elected officials at the N.M. Secretary of State's Office as required by law, NMSA 10-2-7; and Defendant has not reported the crime to a judge or law enforcement."  Doc. 1 at 2.  With absolutely no factual or legal support, Plaintiff claims that Defendants' actions also constitute Major Fraud, Misprision of Treason, and Treason. *Id.*

RICO was enacted to address "racketeering activity."  The statute defines "racketeering activity" to encompass specified state and federal offenses, which are referred to as predicate acts. These predicate acts include any act indictable under enumerated federal statutes, 18 U.S.C. §§ 1961(1)(B)-(C), (E)-(G), specified crimes chargeable under state law, § 1961(1)(A), and any offense involving bankruptcy or securities fraud or drug-related activity that is punishable under federal law, § 1961(1)(D). Predicate acts can give rise to a RICO claim when they are part of a "pattern of racketeering activity," which is defined as a series of related predicates that together demonstrate the existence or threat of continued criminal activity. *H.J. Inc. v. N.W. Bell Tel. Co.,*

492 U.S. 229, 239 (1989).  A pattern of racketeering activity must include commission of at least two predicate acts.  *Resolution Trust Corp. v. Stone,* 998 F.2d 1534, 1543 (10th Cir. 1993).

The RICO statute sets forth four specific prohibitions against use of a pattern of racketeering activity to infiltrate, control, or operate "a[n] enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."  18 U.S.C. § 1962.  Specifically, it is unlawful to: invest income derived from a pattern of racketeering activity in an enterprise (§ 1962(a)); acquire or maintain an interest in an enterprise through a pattern of racketeering activity (§ 1962(b)); for a person employed by or associated with an enterprise, to conduct the enterprise's affairs through a pattern of racketeering activity (§ 1962(c)); and to conspire to violate any of the other three prohibitions (§ 1962(d)).

The RICO statute creates a private civil cause of action that allows "[a]ny person injured in his business or property by reason of a violation of section 1962" to sue in federal district court and recover treble damages, costs, and attorney's fees. 18 U.S.C. § 1964(c); *RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325 (2016).  To maintain a cause of action under § 1964(c), a plaintiff must plead and ultimately prove that: (1) the defendant violated § 1962; (2) the plaintiff's business or property was injured; and (3) the defendant's violation is the cause of that injury. 18 U.S.C. § 1964(c); *RJR Nabisco*, 136 S.Ct. at 2096–97; *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 881 (10th Cir. 2017); *Robbins v. Wilkie,* 300 F.3d 1208, 1210 (10th Cir. 2002).  Further, a plaintiff has standing to bring a RICO claim only if he was injured in his business or property by reason of the defendant's violation of § 1962.  *Robbins,* 300 F.3d at 1210.

Plaintiff's Civil Complaint does not state a RICO claim for relief.  Plaintiff does not factually allege that the named Defendants have, individually, engaged in any of the state or federal offenses that constitute racketeering activity for purposes of RICO, as required by § 1961.  Further,

10

the Court has found no authority for the proposition that an attorney employed by the Federal Public Defender even has a duty to report or enforce an alleged New Mexico statute requiring elected New Mexico officials to post a surety bond with the Secretary of State, much less that the failure to report or enforce the state statute constitutes racketeering activity.  For this reason alone, the Civil Complaint fails to state any claim for relief under RICO.

Nor does Plaintiff allege that Defendants have injured his business or property, as required to state a claim under § 1964.  Instead, Plaintiff claims that Defendants have failed to adequately represent him in violation of his rights to a fair trial and due process.  Doc. 1 at 1.  Absent any claim that Defendants have injured Plaintiff in his business or property, the Civil Complaint fails to state any claim for relief under RICO.  *Robbins,* 300 F.3d at 1210.  Further, absent the lack of an injury to Plaintiff's business or property, Plaintiff lacks standing to bring any RICO claim. Therefore, the Court will dismiss Plaintiff's claims brought under RICO.

B.    Civil Rights Claims

Although he insists that his claims are brought under the RICO statute, Plaintiff in fact alleges that Defendants have violated his rights to a fair trial and due process.  Doc. 1 at 1.  The rights to a fair trial and due process are rights arising under the United States Constitution.  *See* U.S. Const. Amend. 5, 6.  The exclusive remedy for vindication of constitutional violations is a civil rights claim.  *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994).  Because Plaintiff alleges violations of his federal constitutional rights, the Court construes his Civil Complaint as attempting to assert civil rights claims in addition to RICO claims.

Claims for violations of civil rights against state officials are properly brought pursuant to 42 U.S.C. § 1983.  *See Baker,* 443 U.S. at 144 n. 3; *Albright,* 510 U.S. at 271. The case of *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), provides a

11

comparable right of action against federal officials acting under color of federal law.  To state a claim for relief under 42 U.S.C. § 1983 or *Bivens*, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  There must be a connection between official conduct and the violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through that official's own individual actions, has violated the Constitution.  *Ashcroft,* 556 U.S. at 676.  Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983.  *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 or a *Bivens* action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Applying this standard, the Court finds that the Complaint fails to state a claim for relief under *Bivens* against either the United States Public Defenders Office or Skinner. An attorney appointed by a federal court is not a federal officer and does not act under color of federal law when performing the traditional functions of counsel to a criminal defendant.  *Weaver v. Frick,* No. 98–15362, 1999 WL 191413, at *1 (9th Cir. Mar. 15, 1999); *Anderson v. Sonenberg,* Nos. 96–5192, 96–5308, 1997 WL 196359, at *1 (D.C. Cir. Mar. 13, 1997) ("[P]ublic defenders and other

attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of *Bivens.*"); *Bradford v. Shankman,* No. 85–5150, 1985 WL 13659, at *1 (6th Cir. Aug. 12, 1985) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action."); *Davis v. United States,* No. CIV–06–1376–C, 2007 WL 983206, at *6 (W.D. Okla. Mar. 29, 2007) (holding that a federal public defender is not a federal officer for purposes of a *Bivens*-type action). As a result, public defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of *Bivens. Allred v. McCaughey*, 257 F. App'x 91, 92–93 (10th Cir. 2007). Because Skinner is not a federal officer, Joseph cannot state a *Bivens* claim for relief against her.[3] Nor may Plaintiff maintain a *Bivens* claim against the United States Public Defenders Office, as *Bivens* claims may be brought against individual officials only, and not against federal entities, such as a public defender's office. *FDIC v. Meyer,* 510 U.S. 471, 484-85 (1994); *Greenlee v. U.S. Postal Service,* 247 F. App'x 953, 955 (10th Cir. 2007). The Civil Complaint thus does not state a *Bivens* civil rights claim against either Defendant.

III.    Leave to Amend Will Not Be Granted

Generally, pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under Rule 12(b)(6). *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

---

[3] Although it does not affect the Court's analysis in this case, the Court notes that, at both Plaintiff and Defendant Skinner's request, Defendant Skinner was granted leave to withdraw from representation of Plaintiff and Plaintiff has been appointed CJA counsel to represent him in No. CR 17-02483 KG.

Here, amendment of the Civil Complaint would be futile, as Plaintiff's claims are legally frivolous and unsupported by any coherent factual allegations. *See Hall,* 935 F.2d at 1108 (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). Indeed, Plaintiff has filed multiple cases in this Court, giving him several opportunities to attempt to state a viable claim for relief. There does not appear to be any amendment that Plaintiff could make that would cure the problems with his pleading. *Bradley,* 379 F.3d at 901. The Court thus will dismiss the Complaint without leave to amend.

## CONCLUSION

Consistent with this Opinion, **IT IS ORDERED that:**

(1) Plaintiff's Motion to Amend Civil Complaint and Correct Deficiencies of Original Complaint (Doc. 3) is **GRANTED;**

(2) Plaintiff's Motion to Appoint Counsel (Doc. 5) is deemed **WITHDRAWN** and Motion to Proceed Pro Se (Doc. 10) is **GRANTED;**

(3) Plaintiff's Motion to Approve Writ of Mandamus (Doc. 6) is **DENIED;**

(4) Plaintiff's Motion to Serve Subpoenas and Complaints (Doc. 11) is **FOUND AS MOOT**;

(5) Plaintiff's Motion to Show Cause and Objection to Denial of Motion to Discharge Fees and Costs (Doc. 13) is **DENIED;**

(6) Plaintiff must comply with the Court's Order of September 28, 2021 (Doc. 9) to make the initial partial payment and installment payments of the filing fee in the amount of twenty per cent (20%) of the preceding month's income credited to his inmate account when the balance in the account exceeds $10 until the filing fee for this case is paid in full; and

(7) Plaintiff's Complaint (Doc.1), as amended pursuant to Plaintiff's Motion to Amend

Complaint (Doc. 3), is DISMISSED WITH PREJUDICE for failure to state a claim, for lack

of standing, and as frivolous.

_____

UNITED STATES DISTRICT JUDGE